UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAFAEL DOMINGUEZ and CESAR GRULLON, Individually and on Behalf of All Other Persons Similarly Situated, Plaintiffs, vs. FUTURE TECHNOLOGIES, LLC, Defendant. | CIVIL ACTION NO.: 3:16-cv-00144 |

## ORDER GRANTING PLAINTIFFS' UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT

This matter is before the Court on Plaintiffs' Uncontested Motion for Preliminary Approval of Collective and Class Action Settlement. Having reviewed the Motion, the Settlement Agreement, the accompanying materials, and the record in this case, and for good cause shown:

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

### Preliminary Approval of Settlement Agreement

1. The Court finds for the purposes of preliminary approval, that the proposed settlement, as set forth in the Settlement and Release Agreement, is fair, reasonable, adequate, and in the best interest of the FLSA Class and Rule 23 Class. The Court further finds that the Settlement was entered into at arm's length by highly experienced counsel. The Court therefore preliminarily approves the proposed settlement.

### Class Certification

2. The Court conditionally certifies, for settlement purposes only, pursuant to 29 U.S.C. § 216 an FLSA Class, defined as:

all current or former technicians employed by Future Technologies, LLC during the Class Period[1] who properly fill out and return the Opt-in Form (attached to the Class Notice) before the expiration of the Opt-In/Opt-Out/Objection Deadline.

3. The Court conditionally certifies, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), a Rule 23 Class defined as:

all current or former technicians who were employed by Future Technologies, LLC in Connecticut, Nebraska, Virginia, Rhode Island, and Ohio during the Class Period who do not properly fill out and return the Opt-out Form (attached to the Class Notice) before the expiration of the Opt-In/Opt-Out/Objection Deadline.

Excluded from the FLSA Class and Rule 23 Class are: Future Technologies, LLC; any of its parents, subsidiaries, or affiliates; any entity controlled by it; any officer, director, member, manager, legal representative, predecessor, successor, or assignee; any person who has previously released claims that will be released by this settlement; and federal, state, and local governments (including all agencies and subdivisions thereof, but excluding employees thereof) and the judge to whom the matter is assigned and any member of his immediate family.

4. Pursuant to the Settlement Agreement, and for settlement purposes only, the Court finds as to the Rule 23 Class that:

    a. the class is so numerous that joinder of all members is impracticable;

    b. there are questions of law or fact common to the class;

    c. the claims of the named Plaintiffs are typical of the claims of the class;

    d. the named Plaintiffs will fairly and adequately protect the interests of the class;

    e. questions of law and fact common to class members predominate over any questions affecting only individual class members; and,

---

[1] The Court adopts the definitions set forth in the Settlement Agreement to the extent not otherwise defined herein.

    f. a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

5. Pursuant to the Settlement Agreement, and for settlement purposes only, the Court finds as to the FLSA Class that the members of the class, including the Plaintiffs, are similarly situated with respect to the alleged violations of the FLSA.

6. The Court appoints Plaintiffs Rafael Dominguez and Caesar Grullon as Class Representatives.

7. The Court appoints Jeffrey S. Morneau of Connor & Morneau, LLP, 273 State Street Springfield, MA 01103 as Class Counsel.

**Notice To Potential Class Members**

8. The Court approves, as to form and content, the Class Notice attached to the Settlement Agreement, and finds that distribution of the Class Notice substantially in accordance with Section 3 of the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure No. 23(c) and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*, due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

9. The Court approves the following schedule for dissemination of the Class Notice, requesting exclusion, opting-in to the FLSA Class, or objecting to the settlement, submitting papers in connection with final approval, and the Final Approval Hearing, as follows:

| Within 10 days after full execution and filing of the Settlement Agreement with the Court | Future Technologies, LLC will provide the Settlement Administrator with a list, in electronic form, of the names, Social Security Numbers, and last known addresses of all potential members of each of the classes identified herein. |
|---|---|

| | |
|---|---|
| Within 21 days after entry of Preliminary Approval Order | Settlement Administrator shall mail to All Class Members by first-class mail the Class Notice, Opt-in Form, Opt-out Form, and a stamped, self-addressed envelope or business reply mail envelope. |
| Upon mailing of Class Notice | Opt-In/Opt-Out/Objection Period begins. |
| 45 days after mailing of Class Notice | Opt-In/Opt-Out/Objection Deadline.<br><br>Deadline for postmarking and mailing to Settlement Administrator Opt-in Form and/or Opt-out Form.<br><br>Deadline for filing Objections. |
| Within 10 days after Opt-In/Opt-Out/Objection Deadline | Plaintiffs shall file a motion for final approval of settlement, an application for the award of attorneys' fees, costs, and enhancement awards for Plaintiffs, and a proposed Final Approval Order. |
| Within 7 days of receipt by the Settlement Administrator of any Class Notice that is returned via USPS with a forwarding address | The Class Notice will be re-mailed by the Settlement Administrator to the new address. |
| Within 7 days of receipt by the Settlement Administrator of any Class Notice that is returned undeliverable or without a forwarding address | Settlement Administrator shall conduct address searches using a skip trace on these addresses by using Accurint (LEXISNEXIS Company) and re-mail to any Person for whom updated address information is located. No future address checking shall be required or performed. |
| At least 21 days prior to Final Approval Hearing | Class Counsel shall serve and file an affidavit of the Settlement Administrator declaring compliance with the notice provisions of this Order and CAFA notice requirements. |
| At least 7 days prior to the Final Approval Hearing | The parties shall file responses to any Objections. |
| 90 days after Settlement Administrator serves notice required under 28 U.S.C. § 1715(b) | Earliest date for entry of Final Approval Order. |

**<u>Claims Administration</u>**

10. The Court approves KCC as the Settlement Administrator, with the responsibilities set forth in the Settlement Agreement.

4

11. Any potential member of any of the classes identified herein may request to be excluded (or "opt-out") from the Rule 23 Class by following the requirements set forth in Section 3.4 of the Settlement Agreement. Except for those Persons who have properly filled out and timely returned an Opt-out Form, All Class Members will be bound by the Settlement Agreement and the Final Approval Order, including the Releases. Opt-out Forms that are not properly filed out and timely returned will be considered invalid and of no effect, and the Person will be bound by any Orders entered by the Court, including the Final Approval Order and the releases contemplated thereby.

12. Any potential member of the FLSA Class may submit an Opt-in Form by following the requirements set forth in Section 3.5 of the Settlement Agreement.

13. Any Person that properly fills out and timely returns an Opt-out Form but does not properly fill out and timely return an Opt-In Form shall not: (a) be bound by any orders or the Final Approval Order nor by the Releases contained therein; (b) be entitled to any relief under the Settlement Agreement; (c) gain any rights by virtue of the Settlement Agreement; or (d) be entitled to object to any aspect of the Settlement Agreement.

14. Any Person who intends to object to the settlement must do so by the Opt-In/Opt-Out/Objection Deadline. Any Person eligible to object shall follow the requirements set forth in Section 3.8 of the Settlement Agreement. Any Person that does not timely file an Objection by the Opt-In/Opt-Out/Objection Deadline shall be foreclosed from objecting to this settlement unless otherwise ordered by the Court.

15. Upon the filing of an objection, Class Counsel and Defendant's Counsel may take the deposition of the Person objecting pursuant to the Federal Rules of Civil Procedure at an agreed-upon time and location, and to obtain any evidence relevant to the Objection. Failure by an

objector to make himself or herself available for deposition or comply with expedited discovery may result in the Court striking the objection. The Court may tax the costs of any such discovery to the objector or the objector's counsel if the Court determines that the Objection is frivolous or is made for an improper purpose.

**Final Approval Hearing**

16. A Final Approval Hearing is hereby scheduled to be held before the undersigned on **February 5, 2019** at **3:00pm**, to consider the fairness, reasonableness and adequacy of the Settlement Agreement, the entry of a Final Approval Order and judgment in the case, any petition for attorneys' fees, costs and reimbursement of expenses made by Class Counsel, service awards to named Plaintiffs, and any other related matters that are brought to the attention of the Court in a timely fashion.

17. Any Person that has not properly completed and timely returned an Opt-out Form may appear at the Final Approval Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness, and adequacy of the Settlement Agreement; provided, however, that no person shall be heard in opposition to the Settlement Agreement, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless, in accordance with the deadlines above, such person complied with the requirements of the Settlement Agreement for filing Objections.

18. The date and time of the Final Approval Hearing shall be set forth in the Class Notice but shall be subject to adjournment by the Court without further notice to the members of any class other than which may be posted on the Court's Electronic Case Filing (ECF) system.

19. If final approval of the settlement is not granted, or if the settlement is terminated for any reason, the settlement and all proceedings had in connection therewith shall be without

prejudice to the parties' rights and the parties shall return to the *status quo ante*, and all Orders issued pursuant to the settlement and preliminary and final approval process shall be vacated. In such event, the Settlement Agreement and all negotiations concerning it shall not be used or referred to in this action for any purpose whatsoever.

**Miscellaneous Relief**

20. The Settlement Agreement is approved and adopted in connection with this Preliminary Approval Order in all other respects except to the extent inconsistent with this Preliminary Approval Order.

21. Upon entry of the Preliminary Approval Order: (a) the Stipulation to Toll Statute of Limitations (Doc. 20-1), and the approval order entered by the Court on July 18, 2016 (Doc. 22), are vacated; and (b) the applicable statutes of limitations shall recommence upon entry of the Preliminary Approval Order.

22. The Court hereby stays all other proceedings in this Court other than those proceedings necessary to carry out or enforce the terms and conditions of the settlement, until the Effective Date of the settlement has occurred.

23. Additionally, the Court hereby prohibits and/or enjoins any other Person or counsel from representing or prosecuting any claims on behalf of any of the classes identified herein in any other Court.

So ordered.

Dated at Bridgeport, Connecticut, this 30th day of October 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge